**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | | |
|---|---|---|
| **JAMES LEE TURNER** | ) | |
| | ) | |
| **v.** | ) | **3-09-CV-271-P** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation

thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions

and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28

U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Polunsky Unit of the Texas Department of

Criminal Justice, Correctional Institutions Division at Livingston, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional

Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of capital murder as

charged in the indictment returned in Cause No. F-02-57208-JI Turner was tried by a jury which

found him guilty of murder and thereafter assessed his punishment at a term of 60 years

imprisonment.  He effected a direct appeal and on June 29, 2005, the Fifth Court of Appeals at

Dallas affirmed his conviction in an unpublished opinion. Turner then filed a petition for

discretionary review which was refused by the Texas Court of Criminal Appeals on January 18,

2006.  He then filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of

Criminal Procedure, which was denied by the Texas Court of Criminal Appeals on February 17,

2008, without written order on the findings of the trial court without a hearing.  His present petition

was filed on December 19, 2008, the date on which he executed his petition.  *See also* Rule 3(d),

Rules Governing § 2254 Cases.   In response to the petition and this court's show cause order

Respondent has filed his answer and copies of Petitioner's prior state proceedings.  Turner filed a

reply on the answer on May 26, 2009.

**Findings and Conclusions**: In his first ground for relief Turner claims that he is actually

innocent of the offense of murder.  Although a claim of actual innocence may - in an appropriate

case - constitute a "gateway through which a habeas petitioner must pass to have his otherwise

barred constitutional claim considered on the merits," *Schlup v. Delo,* 513 U.S. 298, 315 (1995)

(citing *Herrera v. Collins*, 506 U.S. 390, at 404 (1993)), a claim of actual innocence does not state

a basis for federal habeas corpus relief.  *Herrera, supra,* at 400.[1]

In his second ground Petitioner contends that he was denied effective assistance of counsel

in his direct appeal.  He asserts that his appellate counsel should have urged points of error

predicated on prosecutorial misconduct and improper admission of extraneous offenses.  The record

unequivocally refutes his claim that these issues were omitted in his direct appeal brief.  These

issues were raised in Issues 6 and 10 in Appellant's brief.  *See* Appeal No. 05-03-1717-CR, Brief

---

[1]In support of his claim of factual innocence Petitioner submitted four affidavits which he argued showed that the State presented perjured testimony.  *See* Application No. WR-71,132-02 at 20-23.  In addressing this ground the state court found that the affidavits were not newly discovered evidence nor did the statements made establish an alibi.  *Id.* at 051 ¶ 1.  In fact, one of the affiants, Rosie Turner, testified at his murder trial.  *See* No. 02-57208, S.O.F., ,Vol. 5 at 85, *et seq.*

for Appellant at iii and at 32-36 and 42.  The Fifth Court of Appeals rejected these grounds.  *See*

Opinion filed on June 29, 2005 at 7-8 and 9.  The fact that the appellate court found that these points

of error lacked merit does not support a claim that his appellate counsel was constitutionally

deficient.

His third ground is somewhat related to his second ground and is equally lacking in merit.

He claims that there was a conflict of interest between himself and his appellate attorney.  Although

the appellate counsel, John Tatum, made an appearance at trial, the record shows that his

participation was minimal and that it was attorney Antonius Massur who filed defense pleadings in

the case and presented and cross-examined the witnesses and who made the closing arguments at

both the guilt-innocence and punishment phases of the trial.[2]  On the date sentence was imposed

Tatum was court-appointed as appellate counsel without any objection from Turner; nor is there

anything in the trial court record or in his art. 11.07 application which expresses any dissatisfaction

with Tatum's representation prior to the Fifth Court of Appeals opinion on June 29, 2005.   A

petitioner's conclusary post-conviction dissatisfaction with the resulting affirmance of his conviction

and his desire to have raised a meritless claim of ineffective assistance of trial counsel clearly fails

to present a cognizable conflict of interest claim.  *See e.g. Beets v. Scott,* 65 F.3d 1258, 1271-72 (5th

Cir. 1995) cert. den. 517 U.S. 1157, reh. denied 517 U.S. 1252 (1996) applying *Strickland*[3] standards

to conflicts of interest claims; *see also United States v. Carpenter,* 769 F.2d 258, 263 (5th Cir. 1985)

("A conflict [of interest] exists when defense counsel places himself in a position conducive to

---

[2]Mr. Tatum opened the defense argument on guilt-innocence.  *See* S.O.F., Vol. 4 at 50-53.

[3]*Strickland v. Washington,* 466 U.S. 668 (1984).

divided loyalties.").

In his fourth ground Turner accuses the prosecution of tampering with witnesses, specifically that Cheriea McDuffie and Erika Borjas, who were in his company when Jesus Ruiz was murdered, were induced to testify falsely against him. The due process clause of the Fourteenth Amendment prohibits the State from knowingly using perjured testimony. In order to be entitled to federal habeas relief a § 2254 petitioner must establish (1) that a witness for the prosecution testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false. *See e.g. Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) cert. denied 532 U.S. 975 (2001) (citing *Giglio v. United States,* 405 U.S. 150, 153-54 (1972).

Although the record reveals inconsistencies between each witness's recollection of the events which occurred, on the substantive matters their testimony is consistent, most importantly that Turner fired the fatal shot, drove the decedent's car away from the scene, stripped it, and then drove it to a school parking  lot where he left it. Critically absent is any evidence to show that either perjured herself with respect to a material fact or a showing that the prosecution knowingly presented false testimony. Moreover, in addressing this issue in the art. 11.07 application the State court found that:

> There is no evidence offered by the Applicant to support this allegation [of prosecutorial misconduct] ... Further, the evidence of this alleged misconduct cites to the record which establishes that the nature of the evidence from McDuffie and Borjas were fully discussed at trial and was not the result of coercion by the prosecution. No. WR-71-132-02, at 052, ¶ 4.

Because these findings are reasonable "in light of the evidence presented in the state court proceedings," this court must defer to such determinations. *See e.g. Chambers v. Johnson,* 218 F.3d 360, 363 (5th Cir. 2000) and 28 U.S.C. § 2254 (d)(2).

In his next ground for relief, Ground Five, Petitioner claims that the evidence was factually and legally insufficient to support his conviction. It is settled law in this circuit that a claim of factual insufficiency of the evidence is a matter of Texas state law and does not allege a cognizable basis for federal habeas corpus relief. *See Woods v. Cockrell,* 307 F.3d 353, 357-58 (5th Cir. 2002) - refusing to apply factual sufficiency test embodied in the Texas state constitution, *Clewis v. State,* 922 S.W.2d 126, 130 (Tex.Crim.App. 1996), instead of the federal constitutional standard in *Jackson v. Virginia,* 443 U.S. 307 (1979).

In considering Petitioner's legal sufficiency of the evidence claim under the *Jackson v. Virginia* standard, it is clear that he has not exhausted state remedies. A Texas state prisoner has two available avenues for exhausting federal claims - via direct appeal in which the Texas Court of Criminal Appeals either affirms a conviction or denies a petition for discretionary review on the claims asserted in a § 2254 petition **or** by presenting such claims in an art. 11.07 application. *See Richardson v. Procunier,* 762 F.2d 429, 430-32 (5th Cir. 1985).

The record shows that both his claims of factual and of legal sufficiency were raised in his appellate brief filed in the Fifth Court of Appeals. After that court rejected both, Turner filed a *pro se* petition for discretionary review which was refused by the Court of Criminal Appeals on January 18, 2006. However, Turner's petition raised **only** a factual insufficiency of the evidence claim. *See* No. 1033-05, Appellant's Petition for Discretionary Review, Ground for Review Number One at i and at 1.[4]

This court is procedurally barred from considering the merits of Petitioner's unexhausted

---

[4]Turner's art. 11.07 application does not allege an insufficiency of the evidence claim. *See* WR-71,132-02, at 002-019.

legal sufficiency of the evidence claim. Were Turner to attempt to raise this claim in a subsequently filed art. 11.07 application it would be subject to dismissal for abuse of the writ. *See* Texas Code of Criminal Procedure art. 11.07, Sec. 4; *see also Nobles v. Johnson,* 127 F.3d 409, 422-23 (5th Cir. 1997), cert. denied 523 U.S. 1139 (1998) - applying procedural bar to abuse of the writ under the "death penalty" counterpart to Sec. 4, to wit:  art. 11.071 § 5(a).[5]

In his sixth ground Petitioner claims that the state trial court erred in refusing to instruct the jury that the prosecution witnesses, Cheriea McDuffie and Erika Borjas, were accomplices as a matter of law.  Under Texas state law a defendant in a criminal case cannot be convicted of a criminal offense based solely on the uncorroborated testimony of an accomplice.[6]  As a corollary to this proposition of state substantive law, it is error for a trial court to fail to inform the jury that a witness is an accomplice as a matter of law if clearly established by the evidence.  *See e.g. Herron v. State,* 86 S.W.3d 621, 631 (Tex.Crim.App. 2002).   However, neither the United States Constitution nor clearly established Federal law, as determined by the Supreme Court impose such an evidentiary burden on the prosecution.  To the contrary a person may be convicted in a federal prosecution based upon the uncorroborated testimony of a co-conspirator.  *See e.g. United States v. Rasco,* 123 F.3d 222, 229 (5th Cir. 1997). This ground fails to assert a cognizable claim for federal

---

[5]Alternatively merits review is foreclosed because attacks on the sufficiency of the evidence to Texas state convictions cannot be raised for the first time in a habeas application. *See West v. Johnson,* 92 F.3d 1385, 1398 at n. 18 (5th Cir. 1996) cert. denied 520 U.S. 1242 (1997) (collecting cases).

[6]*See* Texas Code of Criminal Procedure art. 38.14 (Vernon 2005).

6

habeas corpus relief.[7]

In his seventh and final ground for relief Turner claims that the trial court erred in admitting evidence that when initially confronted by the police he falsely identified himself as his brother and that he resisted their attempts to handcuff him.  He also complains of the admission of evidence in the punishment phase of his trial that he had committed a similar unadjudicated robbery of Dinicio Lopez.  These issues were raised in his direct appeal and found to be without merit.  No. 05-03-01717-CR, opinion at pages 6-9. The intermediate state appellate court correctly analyzed and decided these claims.  Moreover, even if there were error in the admission of evidence, federal habeas relief is not available unless its admission was a crucial, highly significant factor in the defendant's conviction, to wit: that its admission was "so unduly prejudicial that it render[ed] the trial fundamentally unfair."  *Payne v. Tennessee,* 501 U.S. 808, 825 (1991); *see also Wood v. Quarterman,* 503 F.3d 408, 414 (5th Cir. 2007) cert. denied ___ U.S. ___, 128 S.Ct. 1874 (2008).

---

[7]The Fifth Court of Appeals found that the trial court did not abuse its discretion in refusing to instruct the jury that these witnesses were accomplices as a matter of law.  *See* No. 05-03-01717-CR, opinion at pages 4-5.  The trial court's jury instructions fully addressed that which rendered a witness an accomplice so that the jury could exercise its prerogative to determine whether either witness was an accomplice.  *See* No. 05-03-01717-CR [F-02-57208-JI] Record, Vol. 1, Court's charge at 28-30.

Petitioner cannot make such a showing.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 12th day of June, 2009.


_Wm. F. Sanderson Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.